UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BUSINESS DEVELOPMENT CORPORATION OF SOUTH CAROLINA, | Case No. 1:19-cv-2609 |
| | Judge J. Philip Calabrese |
| Plaintiff, | Magistrate Judge Kathleen B. Burke |
| v. | |
| RUTTER & RUSSIN, LLC, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Defendant State Farm Fire and Casualty Company moves for judgment on the pleadings. (ECF No. 57.) Through this motion, Defendant seeks to dispose of the remaining claims Plaintiff Business Development Corporation of South Carolina asserts. For the reasons below, and those the Court previously addressed in *Business Development Corp. of South Carolina v. Rutter & Russin, LLC*, 2021 WL 1295062 (N.D. Ohio Apr. 7, 2021), the Court **GRANTS** Defendant State Farm's motion (ECF No. 57) and **DENIES AS MOOT** Plaintiff's motion to compel (ECF No. 46).

### STATEMENT OF THE CASE

The Court assumes familiarity with the factual and procedural background of this dispute, which is set forth in its earlier ruling. *See Business Dev. Corp.*, 2021 WL 1295062, at *1–3. With respect to State Farm, Business Development Corporation alleges that by excluding it from the settlement proceeds, State Farm (through its attorneys) "perverted [] legal proceedings" to permit it to "ignore its legal, contractual,

and fiduciary duties to BDC[,]" *i.e.*, it failed to serve the settlement agreement documents. ([ECF No. 1](), ¶¶ 57–61, PageID #12.) Business Development Corporation also maintains that State Farm's actions in excluding it from the settlement breached the insurance contract clause requiring State Farm to pay mortgagees "as interests appear," meaning State Farm acted in bad faith. (*Id.*, ¶¶ 62–74, PageID #13–14.) After the Court granted the other Defendants' motions that resulted in their dismissal from this action, the only claims that remain are those against State Farm for abuse of process (Count One), breach of contract (Count Two), and bad faith (Count Three). ([ECF No. 1](), ¶¶ 54–74, PageID #11–14.)

State Farm moves for judgment on the pleadings. ([ECF No. 57]().) It makes two principal arguments: (1) Plaintiff's insurance-related claims are barred by res judicata or collateral estoppel, or (2) the claims fail as a matter of law because they are time-barred under the policy language. (*Id.*, PageID #828–38.) State Farm also argues the abuse of process claim fails as a matter of law because it was not required to serve Business Development Corporation with copies of documents in a case where the company declined to appear. (*Id.*, PageID #839.)

Plaintiff opposes, arguing that res judicata does not bar its claims, the time-to-sue provision in the policy does not apply to bad-faith claims, and it states a claim for abuse of process claim because State Farm secretly obtained the settlement in State court and, "had BDC been made aware, it would have challenged" the settlement. ([ECF No. 58](), PageID #851–56.)

## JURISDICTION

In a footnote, Defendant raises a jurisdictional issue, noting it believes the *Rooker-Feldman* doctrine bars Plaintiff's claims against it. ([ECF No. 57](), PageID #828 n.1.) For the same reasons the Court declined to dismiss this action previously based on *Rooker-Feldman*, it does so here as well. *Business Dev. Corp.*, 2021 WL 1295062, at *5 (citing *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 409 (6th Cir. 2020) (Sutton, J., concurring)).

## LEGAL STANDARD

Courts analyze a Rule 12(c) motion for judgment on the pleadings in the same manner as a motion to dismiss under Rule 12(b)(6). *See Tucker v. Middleburg-Legacy Place*, LLC, 539 F.3d 545, 549 (6th Cir. 2008). Accordingly, courts accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, likewise drawing all reasonable inferences in the plaintiff's favor. *See Bullington v. Bedford Cnty.*, 905 F.3d 467, 469 (6th Cir. 2018).

All a plaintiff must do to survive a motion for judgment on the pleadings is provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012); Fed. R. Civ. P. 8(a)(2). But that statement must offer more than mere "labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rather, there must be "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). This means a complaint must contain "either direct or inferential allegations

respecting all material elements to sustain recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quotation omitted). "Conclusory allegations or legal conclusion masquerading as factual allegations will not suffice." *Id.* (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

## ANALYSIS

Defendant makes several arguments in support of its motion for judgment on the pleadings and also asserts res judicata as a defense. Res judicata is an overarching term that encompasses both issue preclusion and claim preclusion. *Business Dev. Corp.*, 2021 WL 1295062, at *5 (citing *Hutcherson v. Lauderdale Cnty.*, 326 F.3d 747, 758 n.3 (6th Cir. 2003)). "The same is true in Ohio." *Id.* (citing *Moore, Successor Tr. of Clarence M. Moore & Laura P. Moore Tr. v. Hiram Twp.*, 988 F.3d 353, 357 (6th Cir. 2021)). "Federal courts must give preclusive effect to a state-court judgment only if the rendering state court would do the same." *Gooch v. Life Invs. Ins. Co. of America*, 672 F.3d 402, 419 (6th Cir. 2012) (citing *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466 (1982)); 28 U.S.C. § 1738. "If an individual is precluded from litigating a suit in state court by the traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court." *Moore*, 988 F.3d at 357 (quoting *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011)). When dealing with a State court judgment, federal courts "look to Ohio law to assess whether res judicata should attach to the state-court judgment in the present case." *Id.*

In Ohio, claim preclusion bars "the litigation of claims that were or could have been litigated in the original action." *Martin v. JBS Techs., LLC*, 443 F. Supp. 2d

4

962, 965 (S.D. Ohio 2006) (citing *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St. 3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6 (2007)). "Because claim preclusion is an affirmative defense," State Farm must plead and prove: (1) a prior final valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privities, as the first; (3) a second action arising from claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Id.*

Previously, the Court determined that res judicata barred Plaintiff's claims against the other Defendants in this matter. *Business Dev. Corp.*, 2021 WL 1295062, at *6–9. The same holds true for Plaintiff's claims against State Farm. As to the first prong, "there is little question the State action proceeded to a final judgment for the purposes of claim preclusion." *Id.* at *6. As to the second—parties or their privities—Ohio's "relaxed concept of privity" coupled with the fact that privity extends to "those who could have joined the action but did not" indicates Business Development Corporation and State Farm were "parties" or "privities" to the first suit. *Id.* at *7. The fourth prong—same transaction or occurrence—is similarly satisfied. *See id.* at *8–9.

As for the third prong—whether the claims at issue here were or could have been litigated in the previous action—Defendant maintains all the claims against it "should have been, and could have been, brought in the [S]tate court litigation," making issue preclusion appropriate. ([ECF No. 57](), PageID #830.) Plaintiff argues

5

"it was not possible for [the bad-faith] issue to have been litigated" in the State action because "it took place in the process of disposing of" that litigation. (ECF No. 58, PageID #852.) Plaintiff now attempts to litigate that State Farm "improperly concealed its payment" under the insurance policy and "improperly disposed of the funds" Plaintiff maintains it should have received. (*Id.*)

As the Court discussed in its previous ruling, BDC could have challenged the State court order under Rule 60 of the Ohio Rules of Civil Procedure; it just chose not to. *Business Dev. Corp.*, 2021 WL 1295062, at *8 (noting BDC had roughly a month and a half to file a timely Rule 60(B) motion but did not). Because Ohio courts interpret the third prong of claim preclusion to encompass not only claims or defenses raised, but also ones "that should have been raised" but were not, the third prong is also satisfied. *See id.*

By suing State Farm in this case "Business Development Corporation mounts a collateral attack on the State court settlement that extinguished the interest it did not deign to defend when it had the chance." *Id.* at *9. Claim preclusion bars Business Development Corporation's claims against State Farm—breach of contract, bad faith, and abuse of process. Any further discussion of those claims, and their sufficiency in the face of the Rule 12(c) challenge, is unnecessary.

## CONCLUSION

For the foregoing reasons, and those stated in the Court's previous ruling, *Business Development Corp. of South Carolina v. Rutter & Russin, LLC*, 2021 WL 1295062 (N.D. Ohio Apr. 7, 2021), the Court **GRANTS** Defendant State Farm's motion for judgment on the pleadings (ECF No. 57) and **DENIES AS MOOT** the

balance of Plaintiff Business Development Corporation's motion to compel (ECF No. 46). The Court **DIRECTS** the Clerk to enter judgment accordingly.

    **SO ORDERED.**

Dated: July 2, 2021

                                        J. Philip Calabrese
                                        United States District Judge
                                        Northern District of Ohio